IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| MILTON RIVERA SANTANA | : | CASE NO. 97-07145(SEK) |
| CLOTILDE CUEVAS GONZALEZ | : | CHAPTER 13 |
| DEBTORS | : | |

------------------------------

| | | |
|---|---|---|
| MILTON RIVERA SANTANA | : | |
| CLOTILDE CUEVAS GONZALEZ | | |
| GUILLERMINA TORRES SANTANA | : | ADV. NO. 05-100 |
| PLAINTIFFS | : | |
| V. | : | |
| SALLIE MAE; SALLIE MAE | : | |
| SERVICING CORP.; GREAT LAKES | | |
| HIGHER EDUCATION CORP.; | | **FILED & ENTERED** |
| EDUCATIONAL CREDIT MANAGEMENT | | |
| CORP. | : | |
| DEFENDANTS | : | MAR 0 3 2006 |

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO



## OPINION AND ORDER

Defendants' would have us dismiss the complaint summarily arguing the law allows them to collect any portion of a student loan that is not paid through the plan, as these loans are not discharged in bankruptcy. Because there is a material fact in controversy, we deny the motion.

### Background

Debtors filed bankruptcy petition under Chapter 13 on July 3, 1997. The confirmed plan provided the Trustee would pay Defendants' claim in full.  The final report and account shows the Trustee distributed $1,940.69 to the Defendants which equals the full amount specified in Defendants' allowed  proof of claim. The Order of Discharge was entered and properly notified.

2

Afterwards, Sallie Mae attempted to collect an outstanding principal balance of $768.29 via phone calls and collections letters addressed to the Debtors.  Debtors then filed this complaint seeking a declaratory judgment concerning the discharge of this debt thru full payment of Defendants' allowed claim by the Trustee, and damages for Defendants violation of the discharge injunction.

Defendants argue the debt survived bankruptcy, as their proof of claim only covered principal and pre-petition interest. Furthermore, they contend a student loan accrues post petition interest that must be paid through the plan, or it is not discharged.  Hence, in this case where the confirmed plan and the order of discharge made no provision for post petition interest, this sum was not paid, or discharged and may now be collected, as Debtors make no claim of undue hardship.

Debtors aver plan distributions resulted in payment of Defendants' the debt, and the order of discharge precludes Defendants' collection efforts.  Debtors also argue Defendants have not provided a complete payment history of this loan, so there is a factual issue on whether it has been paid in full.  In the alternative, Debtors requests they be allowed to amend the complaint to include the allegations of undue hardship.

Our review shows the Exhibit 2 of Defendant's reply is an incomplete payment history of this loan.  We cannot review the proof of claim, as it was not imaged and should be part of the file stored in the U.S. mainland.  Hence, Debtors need further

3

discovery to determine whether any outstanding balance survived bankruptcy.  Given the controversy concerning the outstanding balance, if any of this loan, we deny Defendants' motion for summary judgment.  _Celotex Corp. v. Catrett_, 477 U.S. 317 (1986); _Blanchard v. Peerless_, 958 F.2d 483, 485 (1st Cir. 1992); _Cadle Company v. Hayes_, 116 F. 3d 957, 960 (1st Cir. 1997).  Because amendments to the complaint are to be freely given[1], we grant debtors request.

WHEREFORE, the motion for summary judgment is denied and Debtors are allowed 20 days to amend the complaint.

SO ORDERED, in San Juan, Puerto Rico, on March 3, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[1] See Federal Rule of Civil Procedure 15(a) and Federal Rule of Bankruptcy Procedure 7015. See also, _Hatch v. Department for Children Youth and Their Families (State of Rhode Island)_, 274 F.3d 12, 19 (1st Cir. 2001)